NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEOPOLDO ORTIZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-05959 (CCC) |
| MALCOLM S. GERALD & ASSOCIATES, INC., AND EQUABLE ASCENT FINANCIAL, | : OPINION |
| Defendants. | : |

**CECCHI, District Judge:**

**I. INTRODUCTION**

This matter comes before the Court by way of a motion to dismiss Plaintiff's Complaint ("Complaint"). This motion was filed by Defendants Malcolm S. Gerald & Associates, Inc. ("Gerald & Associates") and Equable Ascent Financial ("Equable") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Court has considered the submissions made in support of and in opposition to the instant motions. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, the motion to dismiss on behalf of Defendants Gerald & Associates and Equable is granted, and Plaintiff's claims are dismissed without prejudice.

**II. BACKGROUND**

---

[1] The Court considers any new arguments not presented by the parties to be waived. See *Brenner v. Local 514, United Bhd. Of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.")

Plaintiff filed an action against Defendants Gerald & Associates and Equable in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County on August 2, 2011. On or about October 12, 2011, Defendants removed this action to the United States District Court for the District of New Jersey. (Docket Entry 1.)

The Complaint alleges that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and that Defendants' actions also constitute an invasion of privacy under New Jersey tort law. (Compl. ¶¶ 1-2.) The facts asserted in the Complaint are sparse, but they are as follows: Plaintiff Leopoldo Ortiz is an adult residing in Hudson County, New Jersey. (*Id.* ¶ 3.) Defendants are "debt collectors" within the meaning of § 1692a(6). (*Id.* ¶¶ 6-7.) Defendants attempted to collect a "debt" falling within the meaning of § 1692a(5). (*Id.* ¶ 9.) Plaintiff is a consumer within the meaning of § 1692a(3). (*Id.* ¶ 8.) On May 26, 2010, Plaintiff advised the original creditor, GE Capital Corp., that Plaintiff was represented by counsel. (*Id.* ¶ 10.) Plaintiff demanded that GE Capital Corp. cease all direct communications with Plaintiff. (*Id.*) The Complaint alleges that at some point after May 26, 2010, Defendant Gerald & Associates communicated directly with Plaintiff. (*Id.* ¶ 12.) This communication was made on behalf of Equable. (*Id.*) Plaintiff asserts that Defendants "knew or should have known" that Plaintiff was represented by counsel. (*Id.* ¶ 11.) Plaintiff additionally asserts that in their communications, Defendants Gerald & Associates and Equable misrepresented the debt amount owed, "if indeed any debt exists." (*Id.* ¶ 14.)[2]

---

[2] In section three of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition"), Plaintiff states that "the amount in Defendant's collection letter misrepresents the amount owed, since the stated amount exceeds even the maximum amount that the debt could possibly have been." The Complaint does not include this allegation, nor does it specify that the "communication" in question was by letter, rather than by phone or some alternate means. It is well settled that a party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007). Therefore, the Court will not consider these additional factual allegations.

The Complaint does not identify the relationship of Equable to GE Capital Corp. or to Plaintiff, other than to say that GE Capital Corp was the original creditor. (*Id.* ¶ 10.) The Complaint is not consistent with even this assertion, however, as later it seems to identify Equable as the original creditor: "[t]his information was readily ascertainable from original creditor Equable Ascent Financial since a client representation letter and cease and desist request was sent to GE Capital Corp. on May 26, 2010." (*Id.* at 8.) Additionally, the Complaint does not identify the form, amount, or type of debt held by Plaintiff. The Complaint also does not identify the form or frequency of communications attempted by Defendants.

In the Memorandum of Law in Support of Defendant Equable Ascent Financial, LLC and Malcolm S. Gerald & Associates, Inc.'s Motion to Dismiss ("Memorandum"), Defendants argue that Plaintiff has failed to state a claim under the FDCPA. (Memorandum 5.) Defendants argue that Plaintiff has failed to present sufficient factual allegations to support the legal conclusion that the debt in question was "debt" within the meaning of § 1692a(5), *id.* at 5-6; that Defendants are "debt collectors" within the meaning of § 1692a(6), *id.* at 7; that Plaintiff is a "consumer" within the meaning of § 1692a(3), *id.* at 5-8; or that Defendants made a "communication" within the meaning of § 1692a(2), *id.* at 9-10. In their Reply Memorandum of Law ("Reply"), Defendants also argue that Plaintiff's misrepresentation claim under § 1692e(2) should be dismissed because Plaintiff did not introduce facts sufficient to support this claim in the Complaint. (Reply Mem. 6.) Defendants also move to dismiss Plaintiff's claim of fraud because Plaintiff has failed to present factual allegations sufficient to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Memorandum 10-11.) Finally, Defendants move to dismiss Plaintiff's New Jersey claim for invasion of privacy. (*Id.* at 11.)

Defendants claim that Plaintiff has asserted "no facts" to support this claim other than the statement that he was "directly contact[ed]" by Defendants. (*Id.* at 12.)

### III. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the complaint and to view all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). To survive a motion to dismiss, a complaint must state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. The complaint need not provide detailed factual allegations, however a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Thus, assuming that the factual allegations in the complaint are true, those "allegations must be enough to raise a right to relief above a speculative level." *Id.*

### IV. DISCUSSION

#### A. Section 1692c(a)(2) of the FDCPA:

The Complaint alleges that Defendants violated § 1692c(a)(2) when they directly contacted Plaintiff despite his representation by counsel. (Compl. ¶ 11.) The Complaint states that Defendants "knew or should have known" that Plaintiff was represented by counsel, because Plaintiff had sent a client representation letter to the original creditor, GE Capital Corp., on May 26, 2010. (*Id.* ¶ 10-11.) In their Reply, Defendants argue that Plaintiff has failed to "allege any

4

relationship between Defendants and GE Capital Corp. that would support [D]efendants' knowledge of attorney representation." (Reply Mem. 5.)

To be liable under § 1692c(a)(2), a debt collector must have actual knowledge of the debtor's representation. *Vega v. United Recovery Sys., L.P., et al.*, No. 11-5995 (SRC), 2012 U.S. Dist. LEXIS 16801, at *8 (D.N.J. Feb. 9, 2012); *Pagan v. United Recovery Sys., L.P., et al.*, No. 11-5994 (FSH) (PS), 2012 U.S. Dist. LEXIS 2130, at *6 (D.N.J. Jan. 6, 2012) (citing *Ventura v. Collectcorp Corp.*, No. 11-4576 (JLL), 2011 U.S. Dist. LEXIS 113472, 2011 WL 4625365, at *2 (D.N.J. Sep. 30, 2011)); *Hubbard v. Nat'l Bond & Collection Assocs.*, 126 B.R. 422, 426-27 (D. Del. 1991).

A creditor's knowledge of representation is not "automatically imputed" to the debt collector. *Ventura*, 2011 U.S. Dist. LEXIS 113472, at *6; Federal Trade Commission, *Staff Commentary on the Fair Debt Collection Practices Act*, *Section 805*, 53 Fed. Reg. 50,097 (1988) ("The creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector."). Liability under this section requires actual knowledge. *Pagan* at *6 ("[L]iability under this section requires the debt collector's actual knowledge that debtor is represented by counsel; notice to the creditor that the debtor is represented is not imputed to the debt collector." (citing *Ventura*, at *2)).

In this case, Plaintiff has failed to present sufficient factual allegations to support the inference that Defendants had actual knowledge of Plaintiff's representation. The allegation that Defendants "knew or should have known from GE Capital Corp. that all future communications needed to be directed to counsel" is a "naked assertion" that must be supported by factual enhancement. See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007)). GE Capital Corp.'s alleged notice of representation, without more, is insufficient to support the reasonable inference that Defendants had actual knowledge of Plaintiff's representation. As a result, this claim is dismissed without prejudice.

### B. Section 1692e(2)(a) of the FDCPA:

The FDCPA prohibits debt collectors from misrepresenting the "character, amount, or legal status of any debt" when engaged in debt collection practices. 15 U.S.C. § 1692e(2)(A). The Complaint alleges that Defendants "are misrepresenting the amount owed, if indeed any debt exists." (Compl. ¶ 14.)

Plaintiff offers nothing aside from "naked assertions devoid of further factual enhancement" to support this claim. *Iqbal* at 1949. The Complaint does not identify the date of the communication, or the nature of the communication and whether it occurred by phone, letter, email, or in person; Plaintiff fails to state the amount that Defendants claimed he owed or the extent to which this figure was a misrepresentation; Plaintiff provides nothing to assert his claim aside from the conclusory statement that Defendants "are misrepresenting the amount owed, if indeed any debt exists."[3] (Compl. ¶ 14.)

The purpose of Rule 8 is to ensure that a defendant receives "fair notice" of what the claim is, as well as "the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Here, Plaintiff fails to present any facts in support of his claim, and simply concludes that Defendants misrepresented the amount owed. Accordingly, Plaintiff's claim is dismissed without prejudice for failure to state a claim upon which relief can be granted. See *Alfaro v. Client Services, Inc.*, No. 11-05463 (CCC), 2012 U.S. Dist. LEXIS 48436 (D.N.J. April 5, 2012)

---

[3] The Complaint also raises the possibility that no debt actually exists: "Defendants Malcolm S. Gerald and Associates, Inc., and Equable Ascent Financial are misrepresenting the amount owed, if indeed any debt exists." (Compl. ¶ 14.) This seems to contradict Plaintiff's earlier assertion that Defendants "attempted to collect a debt that falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5)." (*Id.* ¶ 9.) Nevertheless, for the reasons stated above, Plaintiff's claim fails.

(dismissed on similar grounds); *Espinal v. West Asset Mgmt.*, Civ. No. 11-5799 (KSH), 2011 U.S. Dist. LEXIS 136664 (D.N.J. Nov. 22, 2011) (same).

### C. *Invasion of Privacy*:

Plaintiff claims that Defendants are "liable for invading Plaintiff's privacy when contacting Plaintiff directly despite Plaintiff's instructions that Plaintiff not be communicated with directly but rather that all communication[s] be directed to Plaintiff's counsel." (Compl. at 8). Defendants argue that "the Complaint provides limited facts to support any of these claims, but is filled with legal conclusions." (Memorandum 3.)

A claim for invasion of privacy must plead one of four different classifications of invasion:

> (1) intrusion (e.g., intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, illegally searching, eavesdropping, or prying into personal affairs); (2) public disclosure of private facts (e.g., making public private information about plaintiff); (3) placing plaintiff in a false light in the public eye (which need not be defamatory, but must be something that would be objectionable to the ordinary reasonable person); and (4) appropriation, for the defendant's benefit, of the plaintiff's name or likeness.

*Villanova v. Innovative Investigations, Inc.*, 420 N.J. Super. 353, 360, 21 A.3d 650 (App. Div. 2011) (quoting *Rumbauskas v. Cantor*, 138 N.J. 173, 179, 649 A.2d 853 (1994)). In this case, Plaintiff has failed to provide any facts concerning the alleged intrusion. Plaintiff provides only the general allegation that, at some point after May 26, 2010, a "communication" was made by Gerald & Associates. (Compl. at 8.) The Complaint states that Defendants "continued to communicate directly with Plaintiff after May 26, 2010," and "contact[ed] Plaintiff directly despite Plaintiff's instructions that Plaintiff not be communicated with directly." (*Id.*)

The Complaint does not state how these communications were made: whether by phone, in person, by letter, or alternative means. The Complaint does not state the frequency of these

7

communications, and it gives only a very broad time period for when they occurred – sometime after May 26, 2010. Although Plaintiff cites case law in support of the argument that an intrusion need not be "physical" to constitute an invasion of privacy, Plaintiff fails to present any facts that suggest that the communication in question was an invasion of privacy. New Jersey law predicates liability on the intrusion being "highly offensive to a reasonable person." *Villanova*, 420 N.J. Super. at 360. The fact that Plaintiff was represented by counsel at the time of the communications does not necessarily make such communications "highly offensive." *See Vega v. United Recovery Systems*, No. 11-5995 (SRC), 2012 U.S. Dist. LEXIS 16801, at *15 (D.N.J. Feb. 9, 2012) ("Even assuming that United Recovery had actual knowledge that Plaintiff was represented by counsel... the contention that subsequent communications from United Recovery constituted a "highly offensive" intrusion into Plaintiff's solitude or seclusion is, quite simply, frivolous."). Plaintiff has failed to present sufficient factual allegations for the Court to reasonably infer that either Defendant communicated in such a way as to invade Plaintiff's privacy. Accordingly, this claim is dismissed without prejudice.[4]

## V. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed in its entirety without prejudice. The Court is unable to determine whether an amendment to the Complaint would cure the deficiencies discussed above, therefore the Court will not automatically grant Plaintiff leave to amend. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *see also Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (holding that leave to

---

[4] Defendants argue that Plaintiff has failed to adequately plead common law fraud. (Memorandum 10-11.) Neither Plaintiff's Complaint, nor Opposition, mentions a common law fraud claim. Allegations of fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiff has failed to allege any such facts, and thus this claim, to the extent it can be read into the Complaint, is dismissed without prejudice.

amend under Rule 12(b)(6) should be freely given in the absence of any declared reason such as the futility of the proposed amendment). Instead, Plaintiff may file a motion for leave to amend the Complaint. The parties will be given the opportunity to brief the issue of whether the proposed amendment would be futile. An appropriate Order accompanies this Opinion.

Dated: May 17, 2012

_____
**HON. CLAIRE C. CECCHI**
**United States District Judge**